IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CEQUENT PERFORMANCE PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-cv-08457 |
| v. ) | |
| ) | Judge Charles P. Kocoras |
| LET'S GO AERO, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO STAY
ALL PROCEEDINGS ON PETITION TO COMPEL ARBITRATION**

Defendant, Let's Go Aero, Inc., ("LGA") respectfully moves this Court to enter an order staying all proceedings on Plaintiff, Cequent Performance Products, Inc.'s ("Cequent") Petition to Compel Arbitration ("Petition"), including but not limited to, LGA's obligation to file an Answer or otherwise respond to the Petition under Rule 12 of the Federal Rules of Civil Procedure. A stay is appropriate for two reasons. First, the issues presented in Cequent's Petition are moot. Identical issues were raised between the same parties before the United States District Court for the District of Colorado and that Court entered a default against Cequent. Second, considerations of comity support entry of a stay because parallel proceedings were filed before the United States District Court for the District of Colorado. The District of Colorado action was filed first and is now pending. Litigating the same issues between the same parties in two separate federal courts would be an unnecessary waste of valuable judicial resources and risks entry of contradictory orders by two District Courts. In support thereof, LGA states:

**I. SUMMARY OF THE COLORADO DISTRICT COURT PROCEEDINGS**

1. In January of 2012, LGA and Cequent resolved a lawsuit in the United States District Court for the District of Colorado ("Colorado District Court") concerning Cequent's sale

of products to which LGA claimed intellectual property rights. That lawsuit was settled via a written Settlement Agreement reflecting terms reached during mediation before the Colorado District Court Magistrate Judge. LGA and Cequent (the "Parties") expressly excluded, in the Settlement Agreement, the right to sue each other for actions arising from the unlawful use of the other's intellectual property occurring after the effective date. The Parties also agreed that if they were unable to resolve any claim for breach of the Settlement Agreement through mediation, the claims would be resolved by arbitration.

2. Following the settlement in early 2012, LGA learned of Cequent's post-settlement conduct that LGA believed to be infringing on its intellectual property rights. LGA filed a new lawsuit against Cequent on June 6, 2014, in the Colorado District Court. That suit, styled *Let's Go Aero, Inc. v. Cequent Performance Products, Inc.*, 1:14-cv-1600, is presently pending before the Colorado District Court ("Pending Colorado Action"). Before Cequent responded to the Complaint, LGA amended and was granted further leave to amend. The operative Second Amended Complaint was served on Cequent on August 18, 2014. (Exhibit A, Second Amended Complaint; Exhibit B, Waiver of Service.)

3. In early September, 2014, Cequent filed an unopposed motion for a thirty-day extension of time to respond to the Second Amended Complaint. The Colorado District Court granted Cequent's Motion and directed that "Cequent shall file an answer (pursuant to Fed. R. Civ. P. 7) or other response (pursuant to Fed. R. Civ. P. 12) to the Second Amended Complaint on or before October 2, 2014." (Exhibit C, Minute Order at 1.)

4. Shortly thereafter, the Colorado District Court clarified that Order, stating:

> The Court notes that **a "motion to compel arbitration" itself is not recognized under Fed. R. Civ. P. 7 or 12 as a proper response to a complaint**. Accordingly, the Court clarifies that its order granting the extension of time applies solely to an answer or other response governed by Rules 7 and 12.

(Exhibit D, Minute Order at 1 (emphasis added).)

5. Notwithstanding the Colorado District Court's Order and subsequent clarification, Cequent did not file an Answer or a Motion to Dismiss under Rule 12. Instead, Cequent merely moved to compel arbitration. (Exhibit E, Cequent's Motion to Compel Arbitration.) LGA opposed the Motion to Compel—the motion is now fully briefed. The parties have been awaiting the Colorado District Court's decision since October 22, 2014.[1]

6. On October 24, 2014, the Colorado District Court entered a default against Cequent because Cequent failed to file an Answer or a Rule 12 Motion. (Exhibit F, Entry of Default.)

7. Thus, as the Pending Colorado Action now stands, Cequent's Motion to Compel Arbitration is awaiting a ruling by the Colorado District Court, and Cequent has defaulted on LGA's allegations of copyright, trademark and patent infringements in that litigation.

8. Notwithstanding the pendency of these matters, Cequent initiated a second proceeding in Chicago. On October 27, 2014, Cequent filed its Petition to Compel Arbitration before this honorable Court.[2] The Petition is in large part identical to Cequent's brief in support of its Motion to Compel Arbitration filed in the Colorado District Court. *Compare* Petition, *with* Exhibit G, Motion to Compel Arbitration.

---

[1] Cequent filed a Reply in support of its Motion to Compel, out of time, on October 27th, but under the local rules in Colorado, the briefs closed and the Motion became ripe on October 22nd, 14 days after LGA filed its brief in opposition.

[2] LGA opposed Cequent's Motion to Compel on the merits, citing controlling Tenth Circuit law, and also raised a venue objection based on the Settlement Agreement's provision that arbitration should occur in Chicago. Cequent subsequently insisted that it filed the Petition in *this* Court "because" of this venue objection, however, the location provision is unambiguous, Cequent has *never* explained why it elected to move to compel in Colorado in the first place, and Cequent has never moved to withdraw its Colorado Motion. As noted, Cequent's Motion to Compel Arbitration remains open on the Colorado District Court docket, awaiting a ruling.

9. On November 19, 2014, this Court set December 11, 2014, as the date for LGA to Answer or otherwise respond to Cequent's Petition.

## II. LEGAL ARGUMENT

LGA requests that this Court stay all proceedings on Cequent's Petition because the Petition is moot, and the principle of comity between federal district courts warrants a stay of the later-filed action so that proceedings in the first-filed action can run their course.

### A. A Stay Is Appropriate Because The Default In Colorado Renders Cequent's Petition Moot

Cequent's petition before this court is moot because Cequent defaulted in Colorado. Consequently, Cequent's liability to LGA has been established in the Pending Colorado Action. *OTO Software, Inc. v. Highwall Technologies, LLC*, No. 08-cv-01897, 2011 U.S. Dist. LEXIS 82860, at *11 (D. Colo. July 5, 2011) (unreported) ("Consistent with [Rule 55(a)'s] policy objectives, 'a party's default is deemed to constitute a concession of all well pleaded allegations of liability, [but] ... is not considered an admission of damages.'") (quoting *Cablevision of Southern Conn., Ltd. Partnership v. Smith*, 141 F.Supp.2d 277, 282 (D. Conn. 2001)). *See also Patray v. Northwest Publishing, Inc.*, 931 F.Supp. 865, 869 (S.D. Ga.1996) (when a default occurs "allegations of the complaint are to be accepted as true, except those relating to the amount of damages") (citation omitted). The Colorado District Court determined that Cequent is liable for LGA's allegations of infringement; accordingly, there is nothing left to arbitrate. Cequent's Petition is moot.[3]  *See generally In re VMS Securities Litig.*, 21 F.3d 139, 145 (7th

---

[3] Cequent moved to set aside the entry of default in the Pending Colorado Action, arguing it should have been excused from answering or responding. That motion, too, is fully briefed and pending before the Colorado District Court (Cequent having allowed the deadline for its reply to pass on November 28th without filing a reply). Notably, the decision to set aside default rests within the Court's discretion, and because Cequent was warned that filing just a Motion to Compel Arbitration would not comply with the federal rules, and intentionally ignored that warning, it is unlikely that the Colorado District Court will exercise its discretion to rescue

Cir. 1994) (where claims against securities company were already resolved in a class action settlement, "[t]here was nothing left for the arbitration panel to decide" and arbitrators exceeded authority in resolving merits). Therefore, Cequent's Petition to this Court is moot.

### B. This Matter Should Be Stayed Due To Considerations Of Comity Between Federal District Courts

The doctrine of comity supports a stay because the Parties are litigating the exact same issues before the Colorado District Court. Cequent's Motion to Compel Arbitration has been ripe since October 22, 2014, and the Colorado District Court could rule at any time. Further, if the Colorado District Court denies the motion, Cequent will be entitled to review by the Tenth Circuit Court of Appeals.

The proceedings in Colorado should be allowed to run their course. The United States District Court for Colorado is the forum Cequent first chose to litigate arbitrability, when it filed its Motion to Compel Arbitration. The issues Cequent raises in its Petition before this Court were presented to the Colorado Court months ago. Absent a stay, identical issues will be argued and decided in parallel federal court proceedings, between the exact same parties. There is no doubt that the Colorado District Court has jurisdiction over both the parties and subject matter presently before it, and decisions on the pending motions are expected at any time.

In the Seventh Circuit "[t]here is no hard and fast rule on when parallel litigation should be stayed in the interest of judicial economy[.]" *Professional Service Network, Inc. v. American Alliance Holding Co.*, 238 F. 3d. 897, 902 (7th Cir. 2001). Several factors can be considered in staying a parallel proceeding, and include which case was filed first, whether the court in that case can fully and fairly resolve the dispute, how far along the other proceeding has advanced,

---

Cequent. Regardless, because the Petition here is presently moot, matters in the Northern District of Illinois should be stayed pending a determination whether the Colorado District Court will excuse Cequent's default.

and whether there would be needless duplication of cost and effort in having both cases proceed concurrently. *See generally Microsoftware*, 686 F. 2d. at 537 (analyzing factors).

Applied here, each of these factors weighs in favor of staying this case to allow the Pending Colorado Action to proceed. The Pending Colorado Action was filed first, and there is no basis to suggest that the Colorado District Court cannot fully and fairly resolve the parties' dispute. The Pending Colorado Action has been developing since June of 2014. Moreover, the arbitrability issue recently raised to this Court (via Cequent's Petition) has been fully briefed and primed for a ruling. The Colorado District Court is Cequent's first-choice forum and is certainly capable of interpreting the Settlement Agreement.

The Seventh Circuit has held that the decision to stay litigation in a subsequently chosen forum is "easy" when the matters being litigated are pending in and originated from the settlement of a prior lawsuit between the same parties elsewhere. *See id*. (holding that the location of the original dispute is the most logical choice and appropriate forum "to resolve a dispute over the settlement of the earlier case").

The doctrine of Comity is:

> [B]ased on notions of sound judicial administration and requires that when two identical actions are filed in courts of concurrent jurisdiction, **the one which first acquired jurisdiction should be the one to try the lawsuit.** The purposes of the rule are to avoid unnecessarily burdening courts and to avoid possible embarrassment from conflicting results.

*Great Northern Railway Co. v. National Railroad Adjustment Board*, 422 F. 2d. 1187, 1193 (7th Cir. 1970) (emphasis added). When deciding whether to issue a stay, "a decisive judicial discretion factor" is to consider the "pendency of another action involving the same set of circumstances . . . in the exercise of judicial discretion." *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 565 F. 2d. 1194, 1203 ( 7th Cir. 1977) (quotation and citation omitted). Further, "[t]here is, no doubt, a *presumption* that subject to the principles that govern requests for transfer to a

6

more convenient forum, the first case should be allowed to proceed and the second should be abated[.]" *Asset Allocation and Management Co. v. Western Employers Insurance Company*, 892 F.2d. 566, 573 (7th Cir. 1990) (emphasis in original).

Further, the parties have a longstanding relationship with the Colorado District Court. The Settlement Agreement, on which Cequent's Petition rests, arises from prior litigation in the Colorado District Court. Accordingly, the Colorado District Court is the most appropriate forum, because it is most familiar with the dispute and the applicable law.

### C. The Stay Would Conserve Valuable Resources

Moreover, Cequent's attempt to litigate the same issues in Illinois and Colorado is a waste of valuable judicial resources and improper forum shopping. Within days of having a default entered against it in Colorado, Cequent filed its Petition to Compel Arbitration in Illinois. It is also worth noting that Cequent placed premature, and perhaps unnecessary, demands on two District Courts by seeking to compel arbitration in both Colorado and Illinois without having first followed the Settlement Agreement's requirement to seek mediation, and without initiating arbitration proceeding via a demand to the American Arbitration Association.

Requiring LGA to respond to Cequent's Petition here and obligating this Court to rule thereon, when the same matters have been briefed and will be ruled on in Colorado, would also be a "grand waste of efforts" of everyone involved. Parallel litigation needlessly requires multiple sets of attorneys. *See Microsoftware*, 686 F. 2d. at 537 (holding that trial court should have stayed federal case raising same issues being litigated in state court to avoid the "grand waste of efforts" in contemporaneous litigation, and noting concern that "[t]he two courts [involved] are geographically distant so that either there must be two sets of attorneys or else the attorneys will be forced to commute long distances").

### D. Entry Of A Stay Is Left To The Sound Discretion Of This Court

Regardless of the factors, the decision to stay is left to the sound discretion of the District Court. As recognized long ago, "generally the federal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them[,]" but it is "equally well settled that the district court is under no compulsion to exercise that jurisdiction . . . where the controversy may be settled more expeditiously" in another court. *Microsoftware Computer Systems, Inc. v. Ontel Corp.*, 686 F. 2d. 531, 537 (7th Cir. 1982) (quotations omitted). Ultimately, the decision of "whether to postpone exercising jurisdiction . . . [is] a matter committed to the district court's discretion." *Id*. (quotation omitted).

LGA acknowledges that there is no rigid rule requiring this Court to stay its proceedings and allow the first-filed action to proceed. Nonetheless, pursuant to the principle of comity between federal courts this matter should be stayed in its entirety so that the proceedings in Colorado may run their course. Under these circumstances, this Court may exercise its discretion by granting a stay of all proceedings.

WHEREFORE, for all the foregoing reasons, Defendant Let's Go Aero, Inc. respectfully requests that this Court issue an Order staying all proceedings on Plaintiff's Petition to Compel Arbitration, including but not limited to, Defendant Let's Go Aero, Inc.'s obligation to Answer or otherwise respond under Rule 12, pending:

(1) Resolution of Cequent's Motion to Compel Arbitration by the United States District Court for the District of Colorado, and any appeal thereof, and

(2) Determination of whether Cequent's default should be vacated by that same Court.

Let's Go Aero, Inc. also moves this Court to enter an Order affording Defendant such other and further relief as this Court deems proper.

Dated:  December 8, 2014	Respectfully submitted,

   /s/William K. Kane
LOCAL COUNSEL DESIGNATION
UNDER LR 83.15:

William K. Kane (6194466)
Gillian Whittelsey (6298511)
BAKER & HOSTETLER LLP
191 North Wacker Drive, Suite 3100
Chicago, IL 60606
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
*wkane@bakerlaw.com*
*gwhittlesey@bakerlaw.com*

and

Thomas M. Haskins III (#17651)
Martin D. Beier (#20188)
SILVER & DEBOSKEY P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000
*haskinst@s-d.com*
*beierm@s-d.com*

*Attorneys for the Defendant*
*LET'S GO AERO, INC.*

9

## **CERTIFICATE OF SERVICE**

I, William K. Kane, an attorney, hereby certify that on December 8, 2014, I served the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS ON PETITION TO COMPEL ARBITRATION** upon all attorneys of record via the United States District Court's CM/ECF system.

                                        By:    /s/William K. Kane
                                                        William K. Kane